UNITED STATES DISTRICT COURT		SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
December 21, 2018
David J. Bradley, Clerk

Christina Gaskins,	§
	§
    Plaintiff,	§
	§
versus	§	Civil Action H-18-2194
	§
Harold U. Johnson, Jr., et al.,	§
	§
    Defendants.	§

## Opinion on Dismissal

1. *Introduction.*

   This case is about a Florida divorce in 2009 and a New Jersey family court order in 2014 governing access to children. Christina Gaskins has litigated most of her claims here in the New Jersey state courts. She now seeks to litigate those same claims and a few more in Texas. *Res judicata* – the rule that prevents relitigation of claims already decided elsewhere – prevents this court from considering her claims decided by a court in the past. Her remaining claims are not recognized under the law.

2. *Background.*

   Christina Gaskins and Charles L. Walker, III, were married and had four children. They lived in Florida. After their divorce, Gaskins moved to Texas and Walker to New Jersey.

   In December 2013, the children were visiting Gaskins in Texas. They were to have been returned to their father in New Jersey in January 2014. Gaskins did not send them. As a result, the New Jersey family court ordered the return of the kids to their father. Walker took the order to the Texas Department of Family and Protective Services, where he learned that the kids were enrolled in the Klein Independent School District. He, along with a Harris County deputy sheriff and one employee of family services, handed the order to the administrators at the children's school. After the order was read, the kids were released to Walker.

Gaskins sued for custody in New Jersey family court in 2014. She lost and appealed. On appeal she said that Judge Harold U. Johnson, Jr., who presided over the family court, was, among other complaints, "unfair, misinterpreted the law, and did not follow proper procedures." Four years after losing her appeals in New Jersey state courts, Gaskins brought this lawsuit making those same allegations.

3. *New Jersey Defendants.*

Gaskins has sued four New Jersey parties: Walker, Judge Johnson, City of Bridgeton, and the State of New Jersey. Gaskins hopes to have a chance to re-relitigate. She will not – she has not brought a valid claim against any of the four.

   A. *Charles L. Walker, III.*

Gaskins's claims against Walker have been litigated in New Jersey. Gaskins lost. *Res judicata* operates as a bar to litigants unhappy with the outcome of a lawsuit. It encompasses two concepts: claim preclusion and issue preclusion. Claim preclusion applies when there has been a final judgment and is no longer appealable; issue preclusion applies to litigation on same issues between same parties. Here, Gaskins is barred from relitigating her claims against Walker as they have already been litigated in New Jersey state courts.

   B. *Judge Harold Johnson.*

Gaskins cannot sue Judge Johnson because he is protected by judicial immunity. Judicial immunity allows a judge to be "free to act upon his own convictions, without apprehension of personal consequences to himself."[1] This is an immunity from suit, not just the eventual assessment of damages.[2] Because Gaskins's lawsuit against Judge Johnson is derived entirely from actions taken in his official capacity, he is immune. Even if he was not protected, Gaskins says nothing about Judge Johnson other than he interprets the law differently than she does.

---

[1] *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

[2] *Id.*

C.  *City of Bridgeton and the State of New Jersey.*

Gaskins sued the city alleging that its mayor failed to supervise Judge Johnson. Her claim against the state of New Jersey is the same – the state failed to oversee Judge Johnson, a state-appointed jurist.

An adverse ruling in a lawsuit does not subject the judge's employer – the state – to liability. Nor does it subject the city where the court happens to sit to liability.

4.  *Texas Defendants.*

Gaskins has sued the Harris County Sheriff's Office; Christine Lewis and Jamilla Bluford – both employees of family services; family services itself; and the Klein Independent School District. Family services has already been dismissed as statutorily immune. Gaskins has not brought a valid claim against any one of the remaining four.

A.  *Harris County Sheriff's Office.*

Gaskins has sued the Sheriff's Office for failing to inform her that Walker and a deputy, Sargent Reames, were picking up the kids from their schools. She alleges that Sargent Reames requested administrators at Klein Collins High School not contact Gaskins because they had not yet picked up the three other kids at a different campus.

Commonly known as a peace officer, one of their many responsibilities is to keep the peace. Sargent Reames succeeded in avoiding a confrontation with Gaskins by not contacting her, precluding a confrontation at the kids's schools.

Further, the Sheriff's Office lacks the legal capacity to be sued. Texas requires that a component of the government be a separate juridical entity as a prerequisite to being sued.[3] In Texas, the county sheriff is not a separate juridical entity capable of independent legal action.[4] The jurisdictional entity for the Sheriff's Office is Harris County. Gaskins's claim against the Sheriff's Office fails. It would fail anyways because Sargent Reames did exactly what he was supposed to do and broke no law while doing it.

---

[3] *See Kirby Lumber Corp. v. State of La., through Anacoco-Prairie State Game and Fish Comm'n*, 293 F.3d 82, 83 (5th Cir. 1961).

[4] *See Jacobs v. Port Neeches Police Dept.*, 915 F.Supp. 842, 844 (E.D. Tex. 1996).

B.   *Christine Lewis and Jamilla Bluford.*

Christine Lewis and Jamilla Bluford are employed by family services. Lewis was told of Walker's 2014 court order, disclosed the kids' schools to Walker, and was at the school with Walker and Sargent Reames. Bluford is Lewis's supervisor, who was at her office. Bluford was not at the school and her only relation to Gaskins is that she is Lewis's supervisor.

Gaskins has not stated a claim against either worker that is recognized by law. Gaskins says that Lewis was not up-to-date on family services's and the state of Texas's policies and procedures governing the maintenance of confidential information. Gaskins says that in her first conversation, Lewis told her that she would not disclose the children's information to Walker – which she later did. Lewis was confronted with a valid court order. Disclosure was a necessary component for the order's functioning. Lewis obeyed not only the order but also the procedures of family services and the state.[5]

Gaskins also imagines that Lewis's physical presence at the schools was illegal. Lewis was shown a New Jersey court order requiring the kids be returned to their father. Lewis was obliged to follow it. Her presence at the schools was lawful and precisely why her job exists. As a family services worker, her physical presence with the children is encouraged, if not required. Lewis did not violate family services's, nor the state's, policies or procedures. Further, Gaskins was not harmed – somebody would have enforced the order.

Gaskins's ignorance extends to not being able to file an administrative complaint against an employee of family services. Gaskins says that Bluford failed to supervise Lewis properly, so it appears that she has sued Bluford because she has been unable to file a formal complaint with family services. Gaskins's ignorance is not a legal claim. Bluford's subordinate was shown a New Jersey court order requiring that the kids be returned to their father. Lewis obliged. Bluford's subordinate did as she was supposed to do.

---

[5] *See* Family Educational Rights and Privacy Act 20 U.S.C. § 1232g; Tex. Gov't Code Ann. § 552.026; Child Protective Services Handbook Section 1500.

C. *Klein Independent School District.*

Gaskins's asserts that Klein was negligent by failing to secure the campus and giving "a poor response to problems." She claims that they were negligent in turning the kids over to Walker – someone who was not on the approved guardian list – and by not verifying that his 2014 court order was registered in Texas.

This overlooks Walker's presence at the school with (a) a Harris County sheriff, (b) an employee of family services, and (c) the order itself. Klein was obeying the court order – hardly negligent. The court order put Walker on the approved guardian list.

Gaskins also asserts violations of three Amendments to the Constitution, and a violation of 18 U.S.C. §242. Further, in kindly construing her complaint, she appears to also bring a §1983 claim. She claims that her constitutional rights were violated by "taking away her liberties as a mother."

Although one of the aspects of liberty protected by the Constitution is the interest that parents have their children, these interests are limited.[6] Violating another parent's possessory right to a child when the other parent is entitled to possession of the child is one of these limits.[7]

Both Gaskins's 14th Amendment due process and 5th Amendment violation claims must be dismissed. Custody was split between Gaskins and Walker. Walker was to have the kids in January 2014. Gaskins did not make them available to him by February 1, leading Walker to get a court order in New Jersey requiring the kids be returned to him. Texas was required to abide by that order.[8] Further, Gaskins's due-process claim fails because it is too late. Federal courts must use the statute of limitations of the forum state. In Texas, § 1983 claims have a two-year limitations period.[9] Gaskins claims that Klein released her kids on October 6, 2015. She filed this

---

[6] *See Troxel v. Granville*, 530 U.S. 57, 87 (2000).

[7] Vernon's Texas Statutes and Codes Annotated, Family Code § 42.002 (Liability for Interference with Possessory Right).

[8] *See* U.S. Const. art. IV, § 1 (Full faith and credit clause); *see also* 28 U.S.C.A. § 1738A (Full faith and credit given to child custody determinations).

[9] *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

suit on June 28, 2018. Even if she had a valid claim, it was past the deadline. However, this is far-fetched. She cannot complain that her due-process rights were violated when all that she has done is litigate. She has litigated in New Jersey and now Texas, and she has insulted everyone involved. Gaskins's due-process rights were not violated.

The 5th Amendment applies to actions of the federal government only, not state actors.[10] The 9th Amendment is a residual clause to be used as a rule of construction; no claim exists solely for violating it.[11] The 15th Amendment is the right to vote. Section 242 is a criminal statute that does not include a private right of action.[12] Gaskins has not been injured by Klein. Gaskins's kids have not been injured by Klein – and if they were, Walker would be the proper plaintiff to sue for the children under 18. As a result, Gaskins has not brought a valid claim against Klein.

5. *Conclusion.*

Gaskins has not described facts that add up to a claim that the law recognizes. She was required to giver the children to her ex-husband. She did not. While Gaskins did not like the custody split, she has already litigated her complaints. She lost. She comes to this court hoping to relitigate many of those same issues and punish those who disagrees with her – those who followed the law.

Gaskins's claims against Charles L. Walker, III; Harold U. Johnson, Jr.; City of Bridgeton; State of New Jersey; Harris County Sheriff's Office; Christine Lewis; Jamilla Bluford; and Klein Independent School District will be dismissed with prejudice for not describing an actionable offense.

Signed on December 21, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[10] *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

[11] *See Bowers v. ConocoPhillips Co.*, 2014 WL 2949446, at *1 (S.D. Tex. 2014).

[12] *See Chaney v. Races & Aces*, 590 F. App'x 327, 330 (5th Cir. 2014).